# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-4329

_____

| | | |
|---|---|---|
| Darryl Smith, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Quartet Sales, Inc., | * | Eastern District of Missouri. |
| | * | |
| Appellee. | * | [UNPUBLISHED] |

_____

Submitted: August 11, 2000
Filed: August 31, 2000

_____

Before MCMILLIAN, BOWMAN, and MORRIS SHEPPARD ARNOLD, Circuit
Judges.

_____

PER CURIAM.

Darryl Smith appeals the District Court's[1] adverse grant of summary judgment
in his products liability case. After careful review of the record and the parties' briefs,
we conclude the judgment was proper. See Jaurequi v. Carter Mfg. Co., 173 F.3d
1076, 1085 (8th Cir. 1999) (describing summary judgment standard of review); Bass
v. General Motors Corp., 150 F.3d 842, 847 (8th Cir. 1998) (enumerating proof
required for defective-design strict liability claim under Missouri law); Thudium v.

_____

[1]The Honorable E. Richard Webber, United States District Judge for the Eastern
District of Missouri.

Allied Prods. Corp., 36 F.3d 767, 769 (8th Cir. 1994) (concluding that circumstantial evidence may be used in products liability case, but "plaintiff must prove his claim without resort to conjecture or speculation and must demonstrate circumstances which point reasonably to the desired conclusion and exclude any other reasonable conclusion"); Dorman v. Bridgestone/Firestone, Inc., 992 S.W.2d 231, 239 (Mo. Ct. App. 1999) (describing standard for negligence liability); Brissette v. Milner Chevrolet Co., 479 S.W.2d 176, 181-82 (Mo. Ct. App. 1972) (concluding physical presence of defective object is not essential to claim; plaintiff may present testimony, subject to cross-examination, that indicates existing defects).

Accordingly, we affirm. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.